**FILED**

SEP 12 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

KOLSOUM AMIR BANDEH
350 Chemin du Pré Neuf,
38350 LA MURE, FRANCE
(559) 6607878
akolsoum@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

KOLSOUM AMIR BANDEH,

    Plaintiff,

vs.

APPLE INC, a California corporation,

    Defendant

CV No.: 17 5264

JURY TRIAL DEMAND
COMPLAINT FOR TRADE SECRETS
MISAPPROPRIATION, TRADE DRESS AND
COPYRIGHT AND INTELLECTUAL PROPERTY
INFRINGEMENTS, UNFAIR COMPETITION,
UNJUST ENRICHMENT

Plaintiff Kolsoum Amir Bandeh complains and alleges as follows against Defendant Apple Inc.

(Apple).

### THE NATURE OF THE ACTION

1. In 2014 Apple introduced the Apple Watch a product that revolutionized the smartwatch industry. With the unique design Apple Watch broke the sale records instantly; and received important awards for its design. Reviewers, analysts and consumers immediately recognized the Apple Watch as a "game changer". Before Apple Watch, smartwatches were devices less attractive with limited capabilities, mainly considered for fitness tracking. The Apple Watch was radically different, from other smart watches or any other Apple products made before; the original and unique design of Apple Watch showcased exceptional elegance and sophistication at the same time simplicity in design; so elegant, modern also classic. Due to its especial design Apple watch could perfectly fit in different categories with different prices offering wide range of choices for consumers. A new category in smartwatch industry has been created that was not existed before, luxurious smartwatches with a price set very high. intimidating the luxury industry as unusual competitor from tech world interring their market and domain. The Apple Watch combined time piece and small computing device on wrist with sophisticated communication options and new functions, even using drawing on screen. An aesthetic perfection, the Apple Watch designed in a way that beautifully blends the body and interface as one single piece. Also, the artistic approach in design was considered in interface design and whole device look.

ORIGINAL

KOLSOUM AMIR BANDEH
350 Chemin du Pré Neuf,
38350 LA MURE, FRANCE
(559) 6607878
akolsoum@gmail.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT COURT OF CALIFORNIA

| KOLSOUM AMIR BANDEH, | Case No.: |
|---|---|
| Plaintiff, | |
| vs. | JURY TRIAL DEMAND |
| | COMPLAINT FOR TRADE SECRETS |
| APPLE INC, a California corporation, | MISAPPROPRIATION, TRADE DRESS AND |
| | COPYRIGHT AND INTELLECTUAL PROPERTY |
| Defendant | IINFRINGEMENTS, UNFAIR COMPETITION, |
| | UNJUST ENRICHMENT |

Plaintiff Kolsoum Amir Bandeh complains and alleges as follows against Defendant Apple Inc.

(Apple).

### THE NATURE OF THE ACTION

1. In 2014 Apple introduced the Apple Watch a product that revolutionized the smartwatch

industry. With the unique design Apple Watch broke the sale records instantly; and received important awards for its

design. Reviewers, analysts and consumers immediately recognized the Apple Watch as a "game changer". Before

Apple Watch, smartwatches were devices less attractive with limited capabilities, mainly considered for fitness

tracking. The Apple Watch was radically different, from other smart watches or any other Apple products made

before; the original and unique design of Apple Watch showcased exceptional elegance and sophistication at the

same time simplicity in design; so elegant, modern also classic. Due to its especial design Apple watch could

perfectly fit in different categories with different prices offering wide range of choices for consumers. A new

category in smartwatch industry has been created that was not existed before, luxurious smartwatches with a price

set very high. intimidating the luxury industry as unusual competitor from tech world interring their market and

domain. The Apple Watch combined time piece and small computing device on wrist with sophisticated

communication options and new functions, even using drawing on screen. An aesthetic perfection, the Apple Watch

designed in a way that beautifully blends the body and interface as one single piece. Also, the artistic approach in

design was considered in interface design and whole device look.

BY FAX

1

2. Design features of Apple Watch used for another Apple product the iPhone, a novel new look. physical appearance of new iPhone is resembling the Apple Watch.

3. Apple introduced another product, Apple Pencil, in 2015. The Apple Pencil is an elegantly designed stylus for iPad pro.

4. These innovations were not result of Apple creative achievements; they were resulted from misappropriation of intellectual property and bare creation of Kolsoum Amir Bandeh. Apple Instead of using its wide resources for innovation chose to obtain it by illegal and improper mean. Apple joined Chanel's long continued illegal conducts of stealing intellectual property and trade secrets from Kolsoum Amir Bandeh.  Apple established the links for these illegal conducts through its high-profile employee's close friendship, with Chanel designer Karl Lagerfeld. Kolsoum Amir Bandeh was already suing Chanel for intellectual property violation in Paris court in France even before Apple introduce Apple Watch.

5. Are notably to mention as part of series of intellectual property and trade secrets have been stolen by Apple from Kolsoum Amir Bandeh, interface of Apple Watch also iPhone, Apple Watch packaging, Apple "store of future" design, windows display designs, space decorations.

6. By this action, Kolsoum Amir Bandeh seeks to put a stop to Apple's illegal conduct and obtain compensation for the violations that have occurred thus far; also for violation that is continues to occurs.

### THE PARTIES

7. Kolsoum AMIR BANDEH is a designer.

8. Apple is a California corporation having its principal place of business at 1 Infinite Loop, California 95014.

### JURISDICTION

9. This court has jurisdiction for misappropriation of trade secrets pursuant to the Defense of Trade Secret Act of 2016, 18 U.S.C. §§1836, et seq. As amended by Defense of Trade Secrets Act of 2016; misappropriation of trade secrets under the California Uniform Trade Secret Act; Copyright infringement, 28 U.S.C. § 1338(a); unjust enrichment under California law; and specific performance;

### VENUE

10. Venue is proper under 28 U.S.C. §§ 1391(b) and (c); and under 28 U.S.C. § 1400(a) and because Apple the defendant has committed infringement and illegal conducts within this district and sells and

1   distributes infringing products. In addition, Apple's principal place of business is in this district. Moreover, a

2   substantial part of the events giving rise to the claim occurred in this district.

3   <center>**STATEMENT OF FACTS**</center>

4   11. Kolsoum Amir Bandeh designed The Apple Watch and some of other products that Apple

5   presented as its own innovation since September 2014; Apple obtained via illegal ways, designs and information it

6   used to develop and produce several products. Such as Apple Watch, Apple Watch Packaging, iPhone, Apple store

7   and Apple Pencil.

8   12. Apple intentionally and willfully engaged in illegal conduct and misappropriated Trade Secrets

9   and Trade dress, Intellectual Property, Design and Copyright owned and created by Kolsoum Amir Bandeh; and

10  have been not disclosed before and protected and kept out of public access, privately.

11  13. Expertise has already been done by Paul Hatch, Certified Design Expert Witness by Industrial

12  Designers Society of America IDSA. Design experts Apple used in its case against Samsung were from same list of

13  25 design expert witnesses approved by IDSA. Several professors also gave confirming opinion.

14  14. Jonathan (Jony) Ive, Designer of Apple said he co-designed Apple Watch with his close friend

15  Marc Newson; this is also being known that Marc Newson's wife is right hand of Chanel designer, Karl Lagerfeld.

16  15. Kolsoum Amir Bandeh claimed that her trade Secrets are misappropriated, before even Apple

17  introduce Apple Watch and other products that violates Kolsoum Amir Bandeh's rights. Kolsoum Amir Bandeh is

18  suing CHANEL in high court of Paris for stealing her designs repeatedly and continuously since 2005. The criminal

19  case against Chanel is initiated since 2014 before even Apple introduce Apple Watch; for intellectual property

20  violations, breech of privacy and unfair competition. Judge of the case is Roger LE LOIRE, head of high court of

21  Paris for financial crimes (Tribunal de Grande Instance de Paris). Attached as Exhibit 1.

22  16. It's not only the Apple Watch. Apple stole more designs from me; Apple Watch package,

23  Apple store of future (Ive's first store design ever), display for Apple Watch launch in Paris at Colette; and more.

24  17. Moreover, another telling point is an orange fur backpack that I designed with Louis Vuitton

25  monograms; Marc Newson made also an orange fur backpack for Louis Vuitton, same time of revealing Apple

26  Watch in a collaboration including Karl Lagerfeld, Chanel Designer. Newson did not design for LV before.

27  18. In 2012 Chanel convicted by court of appeal of Paris for copying Carmen Coll's design, in

28  2015 Chanel copied Mati Ventrillon knitwear design and had to apologize to her publicly.

1         19. Links between Apple and Chanel is already established publicly after Apple Watch introduced;

2  which were for first time and very unusual for the tech company since Chanel is a fashion brand.

3         20. Kolsoum Amir Bandeh claimed that Chanel stealing her designs before even Apple reveal the

4  Apple Watch and its other infringing products.

5         21. Kolsoum Amir Bandeh can prove 100% that her design created before Apple Watch revealed;

6  expertise done by Iranian juridical computer expert confirms, attached as Exhibits 2.

7         22. Apple copied the original elements of Kolsoum Amir Bandeh's design, as it is confirmed by

8  IDSA design expert witness.

9         23. Apple also copied exact proportion and the measurements of Kolsoum Amir Bandeh's sketch

10  for the Apple Watch; the drawing that Apple used for its design patent is an actual copy of Kolsoum Amir Bandeh's

11  sketch; which clearly manifest that my design is the original Apple Watch design: Copyright application as Exhibit 3

12         24. Comparing two designs (Plaintiff's sketch and Apple Watch Patent drawing of Apple Watch);

13        . the screen size matches exactly also curvature of corners; the band matches exactly; the right side

14  and position of crown also matches exactly:

15        . It is impossible two curved lines (the band) could have same curvature and positioned same from

16  each other accidentally.

17        . Matching two opposite corners/angles of the screen and four sides of watch face result the exact

18  same screen.

19        . The right edge's length and it's two corners match; specially the upward position of crown match.

20        . The curved and raised part of glass, for watch face also has same measurements.

21        . Center placed flower, butterfly and planets ext. against black background for watch face as

22  aesthetic feature for iconic look.

23         25. Apple stole and misappropriated the glass shape and user interface features and elements for

24  its iPhone.

25

26

27

28

4



Kolsoum AMIR BANDEH's Sketches

Jony Ive's sketch

Patent Drawing of Apple Watch

Apple Watch

26. Side by side comparison between Kolsoum Amir Bandeh's sketch and actual patent drawing of Apple Watch by Apple.

a. Face



5

27. The screen proportions and measurements matches exactly also curvature of corners. Matching two opposite corners/angles of the screen and four sides of watch face result the exact same screen. The curved and raised part of glass, for watch face also has same proportions.

b. Band



28. The band matches exactly. It is impossible two curved lines (the band) could have same curvature and positioned same from each other accidentally.

c. Right Side



29. The right side and position of crown also matches exactly. The right edge's length and it's two corners match; specially the upward position of crown match.



30. Kolsoum Amir Bandeh flower watch face features for interface of Apple Watch and iPhone and some other Apple products.



31. Kolsoum Amir Bandeh design featuring planet on the wall, side by side to Apple store referred by it as store of future.



32. Kolsoum Amir Bandeh Apple Watch Packaging design side by side to Apple infringing Apple Watch Packaging. Features round corners and curved edges.

33. Kolsoum Amir Bandeh design left side and display for Apple Watch launch in Paris at Colette store.

1    34. Kolsoum Amir Bandeh designed an orange fur backpack with Louis Vuitton Monogram; at

2    the same time of revealing Apple Watch, Marc Newson revealed an orange fur backpack for Louis Vuitton, in a

3    collaboration including with Karl Lagerfeld Chanel designer. This an example of further misappropriation and

4    illegal conduct and collaboration of Apple's employees through personal relationships.

5    <div align="center">**FIRST CLAIM FOR RELIEF**</div>

6    <div align="center">**(Federal Defense of Trade Secrets Act 18 U.S.C. as Amended)**</div>

7    35. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 34 of this Complaint.

8    36. Kolsoum Amir Bandeh is the true owner of valuable and guarded Trade Secrets including

9    designs and information; which have been subject to continues misappropriation by Apple and possibly others in

10   connection with Apple. If otherwise haven't been subject to misappropriation by Apple, the Trade Secrets would

11   benefit and develop significant profit for the true owner, Kolsoum Amir Bandeh.

12   37. Kolsoum Amir Bandeh has reasons to know that Apple maliciously and willfully has obtained

13   the Trade Secrets misappropriated via illegal ways and by improper means.

14   38. As a result of this continues misappropriation of Trades Secrets of Kolsoum Amir Bandeh,

15   Apple unjustly gained significant profits and reputation.

16   39. As a result of this continues misappropriation of Trade Secrets of Kolsoum Amir Bandeh, by

17   Apple, caused enormous damage and irreparable harm to Kolsoum Amir Bandeh, and despite of being the rightful

18   owner and the creature of innovations misappropriated by Apple, Kolsoum Amir Bandeh did not benefit from her

19   Trade Secrets. Because Apple used them and fraudulently presented as its own creation and property; and even

20   registered several design patents for Apple Watch design also for other Trade Secrets misappropriated willingly.

21   40. Such products, subject to misappropriation of Trade Secrets by Apple are, Apple Watch,

22   Apple Watch packaging, iPhone, Apple store.

23   41. Because of Apple's action have been committed with intent to damage Kolsoum Amir Bandeh

24   and confuse and deceive the public and prevent and avoid true creator and owner, Kolsoum Amir Bandeh from

25   benefiting of her Trade Secrets and her own creations. Kolsoum Amir Bandeh is entitled to treble its actual damages

26   or Apple's profits, whichever is greater, and to an award of costs, and reasonable attorney fees.

27   42. By this action, Kolsoum Amir Bandeh seeks to put stop to Apple's illegal conduct and obtain

28   compensation for the violations that have occurred.

## SECOND CLAIM FOR RELIEF

### (California Uniform Trade Secrets Act §§ 3426-3426.11.)

43. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 42 of this Complaint.

44. Kolsoum Amir Bandeh is creator and true owner of valuable Trade Secrets; that were neither available to public nor disclosed before; These Trade secrets have been continuously misappropriated by AppleApple intended to cause harm and damage to Kolsoum Amir Bandeh and due to its unlawful conduct gained significant amount of profit and enhanced its reputation and as a result, irreparable and tremendous damage caused for Kolsoum Amir Bandeh by Apple's violations.

45. Trade Secrets have been subject to misappropriation included designs and information which were properly guarded; such valuable original intellectual property.

46. Apple as part of its misappropriation conduct registered several design patents which caused and will continue to damage Kolsoum Amir Bandeh and further preventing her from benefiting of her own creation and innovation kept as protected Trade Secrets.

47. Apple willingly and maliciously chose, instead of using its wide resources for innovation, to engage in illegal conduct against Kolsoum Amir Bandeh to gain unjust profit with no authorization by true owner, Kolsoum Amir Bandeh and no compensation for her.

48. Apple's manufacture and distribution of Apple products generated from misappropriation of Kolsoum Amir Bandeh's Trade Secrets, is likely to cause confusion, or to cause mistake, or to deceive the consumer, as to the affiliation, connection or association of Apple, or as to the origin, sponsorship, or approval by Kolsoum Amir Bandeh of Apple's goods, services or commercial activities. By false designation and fraudulent representation of true origin of Kolsoum Amir Bandeh's intellectual property as Apple's; willfully intending to cause harm and prevent her benefit of her creation.

49. Apple's unauthorized use, manufacture and distribution of products generated from Kolsoum Amir Bandeh's Trade Secrets with product design, product interface and packaging features that copy a combination of several elements of Apple's Trade Secrets enables Apple to benefit unfairly from Kolsoum Amir Bandeh's valuable intellectual property and success, thereby giving Apple's infringing products sales and commercial value, they would not have otherwise.

50. Kolsoum Ami Bandeh has reasons to know that Apple were aware of her properly guarded Trade Secrets, and chose to engage willfully and maliciously in illegal conduct to obtain Trade Secrets instead of using its resource and develop its own innovation beneficial to its business.

51. Apple committed its illegal actions willfully and maliciously with intend to damage true owner and confuse and deceive, therefore Kolsoum Amir Bandeh is entitled to treble its actual damage or Apple's profits, whichever is greater, and to an award of coasts.

### THIRD CLAIM FOR RELIEF

### (Copyright and Intellectual Property Infringement)

52. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 51 of this Complaint.

53. Kolsoum Amir Bandeh is the true and rightful owner of copyrights of works misappropriated and subjected to copyright violation by Apple.

54. Kolsoum Amir Bandeh works are subject to copyright protection under federal law as unpublished foreign works, and under international conventions applicable.

55. As law does not requires registration in order to foreign works enjoy protection. Although Kolsoum Amir Bandeh has applied for copyright registration.

56. Apple's unauthorized use, manufacture and distribution of products generated from Kolsoum Amir Bandeh's violated intellectual properties, with product design, interface design and packaging features that copy a combination of several elements of Kolsoum Amir Bandeh's protected intellectual property and trade dress, enables Apple to benefit unfairly from Kolsoum Amir Bandeh's Intellectual property, thereby giving Apple's infringing products sales and commercial vale and profit they would not have otherwise; and this conduct is likely to cause mistake, or to deceive the consumer as to the affiliation, connection or association of Kolsoum Amir Bandeh with Apple, or as to the origin, sponsorship, or approval by Kolsoum Amir Bandeh of Apple's goods, service or commercial activities.

57. Apple obtained Kolsoum Amir Bandeh's intellectual property via illegal accessing and through actual theft.

58. Apple stole protected, unpublished and undisclosed intellectual property of Kolsoum Amir Bandeh by improper means with intention to harm the true rightful owner and creature and to gain profit unfairly and unjustly, instead of using its wide resources for its business.

11

59. Apple slavishly copies same proportions, forms and combination of several elements of Kolsoum Amir Bandeh's intellectual property and copyright for its products.

60. Apple registered several design patents for products generated from violation of Kolsoum Amir Bandeh's copyright and Intellectual property.

61. Apple by violation of Kolsoum Amir Bandeh's Intellectual Property and Copyright gained significant profit and caused enormous damage to the rightful owner and creature, Kolsoum Amir Bandeh. Therefore, she is entitled to obtain compensation of Apple's profit generated from her creation and rightful Intellectual Property and Copyright and for damage caused to her.

## FOURTH CLAIM FOR RELIEF

### (Trade Dress Infringement)

### (Lanham Act)

62. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 61 of this Complaint.

63. Kolsoum Amir Bandeh is the valid owner of all rights and titles to the distinctive Apple Watch and other Apple products trade dress which obtained by Apple via improper means from Kolsoum Amir Bandeh; and is subject to misappropriation and unlawful conduct committed by Apple. These Apple product Trade Dress, as embodied in Apple Watch and other Apple products referred in this complaint, has acquired secondary meaning, and is not functional. In addition, Apple Watch Packaging Trade Dress, embodied in the packaging for the Apple Watch is inherently distinctive and not functional.

64. In addition, these Apple products Trade Dress has acquired distinctiveness and enjoys secondary meaning among consumers Falsely identifying Apple as source of these products instead of Kolsoum Amir Bandeh, the true owner and creature of these intellectual property and Trade Dress.

65. The Trade Dress referred above has resulted in Apple's wrongful acquisition of valuable, legally protected rights in this Trade Dress of Kolsoum Amir Bandeh; as well as considerable customer goodwill.

66. The Apple Watch line of products has misappropriated the Kolsoum Amir Bandeh Trade Dress by mimicking a combination of several elements of that trade dress.

67. Apple's manufacture and distribution of the Apple Watch with packaging, product design and product user interface features that mimic a combination of several elements of Kolsoum Amir Bandeh Trade Dress is likely to cause confusion, or to cause mistakes, or to deceive the consumer as to the affiliation, connection or

1   association of Apple with Kolsoum Amir Bandeh, or as to the origin, sponsorship, or approval by Kolsoum Amir

2   Bandeh of Apple's goods, services or commercial activities.

3            68. Apple's manufacture and distribution of the Apple Watch line of products with packaging,

4   product design and product user interface features that mimic a combination of several elements of the Kolsoum

5   Amir Bandeh Trade Dress enables Apple to benefit unfairly from Kolsoum Amir Bandeh's creation and success,

6   thereby giving Apple's infringing products sales and commercial value, they would not have otherwise.

7            69. Apple's actions constitute unfair competition and false designation or origin in violation of

8   section 43(a) of Lanham Act, 15 U.S.C. § 1125(a).

9            70. Apple knew of Kolsoum Amir Bandeh Trade Dress when it designed its Apple Watch line of

10   products, and has chosen to obtain it by illegal means and commit misappropriation. Accordingly, Apple's

11   infringement has been and continues to be international, willful and without regard to Kolsoum Amir Bandeh's

12   Trade Dress.

13            71. Kolsoum Amir Bandeh has been and will continue to be irreparably harmed and damaged by

14   Apple's conduct, and Apple lacks an adequate remedy at law to compensate for his harm and damage.

15            72. Kolsoum Amir Bandeh believes, and on that basis, alleges, that Apple has gained profits by

16   virtue of its infringement of Kolsoum Amir Bandeh's Trade Dress.

17            73. Because Apple's action has been willful, Kolsoum Amir Bandeh is entitled to treble its actual

18   damage or Apple's profits, whichever is greater, and to an award of costs, and, this being an exceptional case,

19   reasonable attorney fees pursuant to 15 U.S.C. §1117(a).

20                         **FIFTH CLAIM FOR RELIEF**

21                         **(Trade Dress Infringement)**

22                     **(Federal Trade Dress Infringement)**

23            74. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 73 of this Complaint.

24            75. Apple owns several registrations for the design and configuration of Apple Watch and other

25   products which in matter of fact obtained by improper means and is subject to misappropriation.

26            76. Apple's manufacture and distribution of the Apple Watch with packaging, product design, and

27   product user interface features that copy a combination of several elements of Kolsoum Amir Bandeh Trade Secret

28   is likely to cause confusion, or to cause mistake, or to deceive the consumer as to the affiliation, connection or

association of Apple with Kolsoum Amir Bandeh, or as the origin, sponsorship, or approval by Kolsoum Amir

Bandeh of Apple's good, services or commercial activities.

77. Apple's manufacture and distribution of Apple Watch line of products with packaging, product

design and product user interface features that copy a combination of several elements of Kolsoum Amir Bandeh's

Trade Dress enables Apple to benefit unfairly from Kolsoum Amir Bandeh's creation and success, thereby giving

Apple's infringing products sales and commercial value, they would not have otherwise.

78. Apple was aware of Kolsoum Amir Bandeh's intellectual property and Trade Dress via illegal

means and therefore had actual notice and knowledge.

79. Apple's unauthorized use of a Trade Dress for its products that infringes Kolsoum Amir

Bandeh's trade dress is likely, to deceive or to cause confusion or mistake among consumers as to the origin,

sponsorship or approval of the Apple's products and/or to cause confusion or mistake as to any affiliation,

connection or association Kolsoum Amir Bandeh and Apple.

### SIXTH CLAIM FOR RELIEF

#### (Unfair Competition)

80. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 79 of this Complaint.

81. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act,

15 U.SC. § 1125(a) and trade mark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. §

### SEVENTH CLAIM FOR RELIEF

#### (Conspiracy)

82. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 81 of this Complaint.

83. In order to obtain valuable trade secrets and intellectual property Apple joined long lasting

continues misappropriation of trade secrets and illegal conduct to benefit. One such partner in illegal conduct is

Chanel.

### EIGHTH CLAIM FOR RELIEF

#### (Fraud)

84. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 83 of this Complaint.

85. The herein described acts and practices by Apple constitute fraudulent business practices in

violation of California Business & Professions Code §§ 1720, et seq.

14

86. Apple frequently registered Kolsoum Amir Bandeh's Intellectual property as its own therefore Kolsoum Amir Bandeh is entitled for those patents and Apple should assign them over.

## NINTH CLAIM FOR RELIEF

### (Unjust Entrenchments)

87. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 86 of this Complaint.

88. As a result of the conduct alleged herein, Apple has been unjustly enriched to Kolsoum Amir Bandeh's detriment. Apple seeks a worldwide accounting and disgorgement of all ill-gotten gains and profits resulting from Apple's inequitable activities.

## TENTH CLAIM FOR RELIEF

### (Breach of Privacy)

89. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 88 of this Complaint.

90. In order for Apple to obtain the Trade Secrets to gain profit illegally accessed privately stored information, which is violation of Kolsoum Amir Bandeh's privacy.

## ELEVENTH CLAIM FOR RELIEF

### (Misappropriation)

### (Lanham ACT)

91. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 90 of this Complaint.

**92. Apple's use of its infringing trade dress is likely to cause confusion as source of Kolsoum Amir Bandeh's Intellectual property, Copyright, Trade Dress and Trade Secrets.**

93. The herein described acts and practices by Apple are likely to mislead or deceive the general public and is likely to cause others to be confused or mistaken into believing that Apple is the owner and creator, not Kolsoum Amir Bandeh. Apple maliciously and willingly used its wide resources to engage in illegal activities to

## TWELFTH CLAIM FOR RELIEF

### (Unfair Business Practices – California Business and Professions Code § 17200, *et seq*)

94. Kolsoum Amir Bandeh incorporates and re-alleges paragraphs 1 through 93 of this Complaint.

95. The acts of Apple described above constitute fraudulent and unlawful business practices as defined by California Business & Professions Code § 1720, et seq.

15

96. Kolsoum Amir Bandeh has valid and protectable prior rights in her Trade Secretes, Trade dress, Intellectual property and Copyright; Product design, User interface design, Packaging and store design; for Apple Watch, iPhone, Apple store and Apple Pencil.

97. Apple's use of its infringing trade dress is likely to cause confusion as source of Kolsoum Amir Bandeh's Intellectual property, Copyright, Trade Dress and Trade Secrets.

98. The above-described acts and practices by Apple are likely to mislead or deceive the general public and is likely to cause others to be confused or mistaken into believing that Apple is the owner and creator, not Kolsoum Amir Bandeh. Apple maliciously and willingly used its wide resources to engage in illegal activities to maintain its business and gain significant profit; and moreover, abused vulnerabilities of the author and owner of Intellectual property, Copyright, Trade Dress and Trade Secrets, misappropriated and violated by Apple.

99. The above-described acts and practices by Apple constitute fraudulent business practices in violation of California Business & Professions Code §§ 1720, et seq.

100. The above-described acts constitute unfair competition under Section 43(a) of the Lanham Act, 15 U.SC. § 1125(a) and trade mark and trade dress infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and are therefore unlawful acts in violation of California Business & Professions Code §§ 17200, et seq.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff Kolsoum AMIR BANDEH prays for relief, as follows:

1. A judgment that Apple has infringed one or more claims of each of Kolsoum AMIR BANDEH;

2. An order and judgment preliminary and permanently enjoining Apple and all others acting with them, from further acts of violation of Kolsoum AMIR BANDEH's rights;

3. A judgment awarding Kolsoum AMIR BANDEH all damages adequate to compensate for Apple's violation of Kolsoum AMIR BANDEH's rights, including all prejudgment interest at the maximum rate permitted by law;

4. A judgment awarding Kolsoum AMIR BANDEH all damages, including treble damages, based on any infringement, together with prejudgment interest;

5. Damages suffered by Kolsoum AMIR BANDEH as result of Apple's unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest;

6. Reasonable funds for future corrective advertising;

1        7. Punitive damages;

2        8. Restitutionary relief against Apple and in favor of Kolsoum AMIR BANDEH, including

3    disgorgement of wrongfully obtained profits and any other appropriate relief;

4        9. Costs of suit; for example, any expert or attorney fees;

5        10. Any other remedy to which Kolsoum AMIR BANDEH may be entitled, including all remedies

6    provided for in law.

7        11. A judgment awarding Kolsoum Amir Bandeh all damages adequate to compensate for Apple's

8    violation of Kolsoum Amir Bandeh's rights internationally, including all prejudgment interest.

9        12. A judgment entitles Kolsoum Amir Bandeh for Patents registered by Apple, generated from

10   her Trade secrets and creation.

11       DEMAND FOR JURY TRIAL

12       Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kolsoum AMIR BANDEH

13   demands trial by jury on all issues raised by the Complaint.

14

15

16       Dated: Paris, France              By: Kolsoum AMIR BANDEH

17       September 11, 2017

18

19                                          Kolsoum Amir Bandeh

20                                          Kolsoum Amir Bandeh, pro se
                                            350 Chemin du Pré Neuf,
21                                          38350 LA MURE, FRANCE
                                            akolsoum@gmail.com
22

23

24

25

26

27

28

                                                                                    17

COUR D'APPEL DE PARIS

**TRIBUNAL DE GRANDE INSTANCE
DE PARIS**

CABINET DE ROGER LE LOIRE
DOYEN DES JUGES D'INSTRUCTION

# ORDONNANCE DISPENSANT DU VERSEMENT DE LA CONSIGNATION

N° du Parquet : . 1434300696 .
N° Instruction : . 20f/14/198 .
*PROCÉDURE CORRECTIONNELLE*

Nous, Roger LE LOIRE, Doyen des Juges d'Instruction au tribunal de grande instance de Paris,

Vu la plainte avec constitution de partie civile déposée le 17 Octobre 2014 par :

**Mme AMIR BANDEH Kolsoum**
adresse déclarée : CDV 12630 - 350 chemin du pré neuf  38350 LA MURE

ayant pour avocat Me Christelle DAUDIN 6 avenue du Coq 75009 PARIS

Contre :

- CHANEL - Société,
- CHANEL COORDINATION - Société,

QUALIFICATIONS : Violation de la propriété intellectuelle, violation de vie privée, concurrence déloyale

Vu les articles 86, 88 du Code de procédure pénale ;

Attendu que **Mme AMIR BANDEH Kolsoum** a justifié avoir obtenu l'aide juridictionnelle, par décision en date du 19 février 2015 sous le numéro BAJ 2015/009047 ; qu'il convient dès lors de dispenser **Mme AMIR BANDEH Kolsoum** du versement de la consignation ;

**PAR CES MOTIFS :**

**Dispensons Mme AMIR BANDEH Kolsoum du versement de la consignation,**

Ordonnons que la plainte sus-visée soit communiquée à M.le procureur de la République, pour être requis par lui ce qu'il appartiendra.

Copie certifiée conforme
à l'original

Le Greffier

Fait à Paris, le 09 Avril 2015
Le Doyen des Juges d'Instruction

Roger LE LOIRE

Copie certifiée conforme de la présente ordonnance a été adressée par lettre recommandée à la partie civile et à son avocat(s), le 10 Avril 2015



18

٦٧٥٢٧

Ehrahim Chegeni, Ph.D.
*Official English Translator to the Judiciary*
*2ⁿᵈ Floor, No. 39, South Iranshahr Ave., Tehran*
*Tel: 88852757*

OFFICIAL TRANSLATION FROM PERSIAN

JUDICIARY BAR
Majid Heydarian
Official Expert to the Judiciary in the Field of Computer Engineering

July 31, 2017
96/113
cl. 24 pages

Referring to the request of Ms. Kolsoum Amirbandeh regarding studying email, the following points are confirmed.

1- The hash codes for the designs as per appendix pages 1,2,3,4,5,6,7,8,9,10 and 11 of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email before September 2014.

Considering that the hash code is a unique ID of the attached files, it is evident that the designs themselves, based on which the emailed hash codes are prepared, have been existing at the date of sending the emails and thus, the designs have been existing before September 2014.

2- The hash codes for the designs on page 12 of appendix of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email on March 9ᵗʰ, 2015.

Considering that the hash code is a unique ID of the attached files, it is evident that the designs themselves, based on which the emailed hash codes are prepared, have been existing at the date of sending the emails and thus, the designs have been existing before March 9ᵗʰ, 2015.

3- The hash codes for the designs on page 13 of appendix of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email on July 23ʳᵈ, 2015.

Considering that the hash code is a unique ID of the attached files, it is evident that the designs themselves, based on which the emailed hash codes are prepared, have been existing at the date of sending the emails and thus, the designs have been existing before July 23ʳᵈ, 2015.

4- The hash codes for the designs on page 14 of appendix of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email on November 6ᵗʰ, 2014.

Considering that the hash code is a unique ID of the attached files, it is evident that the designs themselves, based on which the emailed hash codes are prepared, have been existing at the date of sending the emails and thus, the designs have been existing before November 6ᵗʰ, 2014.

5- The hash codes for the designs on page 15 of appendix of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email on June 7ᵗʰ, 2015.

Considering that the hash code is a unique ID of the attached files, it is evident that the designs themselves, based on which the emailed hash codes are prepared, have been existing at the date of sending the emails and thus, the designs have been existing before June 7ᵗʰ, 2015.

6- The hash codes for the designs on page 16 of appendix of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email on September 24ᵗʰ, 2014.

Considering that the hash code is a unique ID of the attached files, it is evident that the designs themselves, based on which the emailed hash codes are prepared, have been existing at the date of sending the emails and thus, the designs have been existing before September 24ᵗʰ, 2014.

7- The hash codes for the designs on page 17 of appendix of this report have been sent from the email address of k.amirbandeh@yahoo.com to the address k.amirbandeh@gmail.com via email on June 1ˢᵗ, 2015.

# Acknowledgement of Uploaded Deposit  Inbox

Sun, Sep 10, 2017 at 1:23 PM

Copyright Office<cop-rc@loc.gov>
To: akolsoum@gmail.com

Reply | Reply to all | Forward | Print | Delete | Show original

THIS IS AN AUTOMATED EMAIL. PLEASE DO NOT REPLY.

Thank you for submitting your registration claim using the Electronic Copyright Office (ECO) System.

The following files were successfully uploaded for service request 1-5603423201

File Name: ka_works.zip
File Size: 15056641 KB
Date/Time: 9/10/2017 7:16:48 AM

---

## Confirmation of Receipt  Inbox

Sun, Sep 10, 2017 at 1:11 PM

Copyright Office<noreply@loc.gov>
To: akolsoum@gmail.com

Reply | Reply to all | Forward | Print | Delete | Show original

THIS IS AN AUTOMATED EMAIL - PLEASE DO NOT REPLY

Your Application and payment for the work KA Works were received by the U.S Copyright Office on 9/10/2017

PLEASE NOTE: Your submission is not complete until you upload or mail the material you are registering. To do so, login to https://eco.copyright.gov/eService_enu/ and click on case number 1-5603423201 in the Open Cases table. Follow the instructions to either upload a digital copy or mail a physical copy (with shipping slip attached) of the work being registered. Additional instructions and requirements for submitting the material being registered can be found at http://www.copyright.gov/eco/index.

SHIPPING SLIPS: If you mail physical copies of the material being registered the effective date of registration will be based on the date on which we receive the copies WITH CORRESPONDING SHIPPING SLIPS ATTACHED.

A printable copy of the application will be available within 24 hours by clicking the My Applications link in the left top most navigation menu of the Home screen.

You may check the status of this claim via eCO using this number 1-5603423201. If you have questions or need assistance, Copyright Office contact information can be found at http://www.copyright.gov/help/index.html#general

United States Copyright Office